Filed 8/29/13  P. v. Alarcon CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>LUIS RAFAEL ALARCON,<br><br>  Defendant and Appellant. | 2d Crim. No. B247256<br>(Super. Ct. No. VA124134)<br>(Los Angeles County) |

Luis Rafael Alarcon appeals from a February 4, 2013 order denying his motion to modify his sentence following a June 6, 2012 guilty plea and conviction for assault by means likely to produce great bodily injury.  (Pen. Code, § 245, subd. (a)(4).)[1] Pursuant to the negotiated plea, the trial court suspended imposition of sentence and granted three years probation with 365 days county jail.

On January 31, 2013, appellant filed a motion for modification of sentence, alleging that his trial attorney failed to advise him of the immigration consequences of the plea, that the trial court failed to give all the advisements required by section 1016.5 when the plea was entered, and that appellant was denied effective assistance of trial counsel. The trial denied the motion pursuant to a February 4, 2013 minute order.

---

[1] All statutory references are to the Penal Code.

We appointed counsel to represent appellant in this appeal. After counsel's examination of the record, she filed an opening brief raising no issues.

On May 20, 2013, we advised appellant that he had 30 days in which to personally submit any contentions that he wished to raise on appeal. On August 5, 2013, appellant filed a supplemental letter brief stating, among other things, that he was not advised of the potential immigration consequences of the plea as required by section 1016.5. The June 4, 2012 court minutes indicate that appellant was advised orally and in writing that the guilty plea could result in his deportation and exclusion from admission to the United States. Before the change of plea was entered, appellant signed a Felony Advisement of Rights, Waiver, and Plea Form and initialed paragraph 12 of the form which stated: "**Immigration Consequences** - I understand that if I am not a citizen of the United States, I must expect my plea of guilty or no contest will result in my deportation, exclusion from admission or reentry to the United States, and denial of naturalization and amnesty." (See e.g., *People v. Martinez* (S199495, Aug. 8, 2013) __ Cal.4th __, __ [2013 DJDAR 10613, 10613].)

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People* v. *Wende* (1979) 25 Cal.3d 436, 441; *People v. Kelley* (2006) 40 Cal.4th 106, 126;

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

Michael S. Schuur, Judge

Superior Court County of Los Angeles

_____

California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director and Ann Krauz, Staff Attorney, for Defendant and Appellant.

No appearance for Respondent.